CV 14 1603

DEARIE, J.

UNITED STATES DISTRICT COURT
EASTERN DISRICT OF NEW YORK
----------------------------------------------------------X

DENNIS GRAVES,

        Plaintiff,

-against-

THE CITY OF NEW YORK, N.Y.C.
POLICE OFFICER DONALD SADOWY,
SHIELD # 13497, SUED INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY,

        Defendants.

----------------------------------------------------------X

VERIFIED COMPLAINT
AND DEMAND FOR
A JURY TRIAL

GO, M.J.

1. This is an action for compensatory and punitive damages for violation of Plaintiffs' rights under the Fourth, Fifth Amendments and Fourteenth Amendment to the Constitution of the United States, and violation of New York State law, by reason of the unlawful acts of defendants.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3. Plaintiff is a resident of Kings County, New York City in New York State.

4. At all times hereinafter mentioned, the Defendant Police Officers were employees of the New York City Police Department (HEREINAFTER REFERRED TO AS

"N.Y.P.D.") acting within the scope and authority of their employment. They are being sued individually and in their official capacity as New York City Police Officers.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed the individual Defendants sued herein.

6. That upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officer involved in the violation of civil rights of the Plaintiff.

## FACTS

9. At the time of this incident, plaintiff, a 45 year old African-American man, was driving his vehicle with his god-son, on his way to a hobby shop to buy fuel for the hobby cars and to drop off one hobby car for repair.

10. Plaintiff's god-son was in the back seat.

11. In the passenger seat was Orrel Evans, an acquaintance.

12. At about 3:00 p.m., the defendant officer stopped plaintiff's car in the vicinity of Sterling Place and Buffalo Avenue, in Brooklyn, New York.

13. The officer told plaintiff that he had pulled him over because the back windows were too tinted.

14. The officer asked where the occupants of the vehicle were going, and Graves told him.

15. The officer then told them that he smelled marijuana, and asked plaintiff if he would consent to a search of the car.

16. Plaintiff said no.

17. Plaintiff was ordered out of the car and was searched. Nothing was found on him

18. Then, the officer searched Orrel Evans and found drugs in Evans' underwear.

19. The defendant officer then falsely claimed that he found the drugs in the center console and proceeded to arrest both Evans and plaintiff.

20. When plaintiff complained to the Desk Sergeant, he responded "You are responsible for everything in your car and for what people have on them."

20. Plaintiff was charged with felony possession of a controlled substance.

21. At arraignment, bail was set on plaintiff.

22. Plaintiff spent approximately one month in jail before he was bailed out.

23. During that time period, he lost income of approximately $400 per week from his job as a porter and maintenance worker.

24. After almost a year of court appearances, on May 23, 2013, the district attorney's office dismissed the charges because they determined that the officer's version of events was not credible.

25. Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the plaintiff, in its procedures for

3

supervising and removing, when appropriate, unstable and violent / incompetent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendant's tendencies to make unlawful arrests, unlawful seizures, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

26. Defendant City knew or should have known that prior this date of the perpetration of unlawful arrests and other unlawful acts by the defendant was occurring, in that, upon and information and belief, there were prior reports of such unlawful conduct by this specific officer.

27. Defendant City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

## CONDITIONS PRECEDENT

28. On August 7, 2013 a Notice of Claim was served upon the Defendant New York City, setting forth:

    a) The name and post office address of the Claimant and his attorney;
    b) The nature of the claim;
    c) The time when, the place where, and the manner in which the claim arose;
    d) The items of damages and injuries sustained so far as practicable.

29. The Notices of Claim were served upon the Defendant within 90 days after Plaintiff's cause of action accrued.

30. Plaitiff's 50-H deposition was never conducted as the City of New York never requested one.

31. New York City and its Comptroller have failed, neglected and refused to pay,

settle, compromise or adjust the claim of the Plaintiff herein.

32.  This action has been commenced within one year and 90 days after Plaintiff's cause of action accrued.

33.  Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

## FOR A FIRST CAUSE OF ACTION FOR
## VIOLATION OF CIVIL RIGHTS
(False Arrest)

34. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

35. As a result of their actions. Defendants, under "color of law", deprived plaintiff of his right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

36.  Defendant subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs rights would be violated by his actions.

37. As a direct and proximate result of the acts of Defendants, Plaintiff suffered physical injuries, endured great pain and mental suffering, and was deprived of his physical liberty.

## SECOND CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS
(Monell Violation)

38.  Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

39. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

40. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above. Thus, Defendant City is liable for Plaintiffs injuries.

## AS AND FOR A THIRD CAUSE OF ACTION FOR ABUSE OF PROCESS AND MALICIOUS PROSECUTION

41. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

42. In instigating, ordering, validating, procuring and assisting in the arrest of Plaintiff, Defendant officer, acting within the scope of his employment, "under color of law", and on behalf of his employer, maliciously prosecuted Plaintiff without reasonable or probable cause and with full knowledge that the charges were false.

43. As a result of said abuse of process and malicious prosecution, plaintiff was compelled to come to court. On or about May 23, 2013, all charges were dismissed.

44. As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid. All Defendants are liable for said damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiffs' rights under state law, and violated Plaintiffs rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiffs rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendants, and The City of New York for compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against the Defendant officer and The City of New York for punitive damages in the amount of ONE MILLION ($1,000,000.00) Dollars; and,

4. Enter an Order:

   a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

   b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
March 6, 2014

RESPECTFULLY,

STEVEN A. HOFFNER, ESQ.
Attorney for the Plaintiff

## **VERIFICATION**

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiffs in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiffs do not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
       March 6, 2014

_____
STEVEN A. HOFFNER, Esq.